IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv–00001-WDM-BNB

MICHAEL PAUL CONRAD,

Plaintiff,

v.

THE EDUCATION RESOURCES INSTITUTE, a Massachusetts Corporation,
WARREN C. MOORE, individually,
KEY BANK N.A. (f/k/a Society Bank, f/k/a Ameritrust National Association), an Ohio Corporation,
VAN RU CREDIT CORPORATION, INC., an Illinois Corporation,
DIANE HARRIS, individually,
SENDER and WASSERMAN, a Colorado Professional Corporation,
HOWARD M. BUCHALTER, individually,
KENNETH J. BUECHLER, individually,

Defendants.
_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE CONCERNING DIVERSITY JURISDICTION**
_____

This matter is before me on the **Defendants Sender and Wasserman, P.C., Howard M. Buchalter and Kenneth J. Buechler's Motion to Dismiss** [Doc. # 16, filed 5/18/2006] (the "Motion to Dismiss'). I respectfully RECOMMEND that the Motion to Dismiss be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The plaintiff filed his Complaint on January 3, 2006. He asserts diversity of citizenship under 28 U.S.C. § 1332 as the sole basis of jurisdiction. Complaint [Doc. # 1] at ¶1.

Defendants Sender and Wasserman, P.C; Howard M. Buchalter; and Kenneth J. Buechler moved to dismiss the case for lack of subject matter jurisdiction based on a lack of complete

diversity. Defendants Van Ru Credit Corporation and The Education Institute have joined in the Motion to Dismiss. [Doc. # 19, filed 5/18/2006.]

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).[1]

The defendants present a factual challenge to subject matter jurisdiction. Therefore, I do

---

[1] Ordinarily, I must liberally construe the pleadings of a *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), although I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In this *pro se* case, the plaintiff is a lawyer and an inactive member of the bar of the Colorado Supreme Court. Nonetheless, I have liberally construed his pleadings.

not assume that the allegations of the Complaint are true, and I have wide discretion to consider evidence in order to resolve disputed jurisdictional facts.  Moreover, resolution of the jurisdictional issue raised here depends solely on the citizenship of the parties.  Determination of citizenship does not touch on the merits of the case.  Consequently, I analyze this issue under the standards applicable to Rule12(b)(1), Fed. R. Civ. P., rather than under Rule 12(b)(6) standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

> Diversity jurisdiction exists under the following circumstances:
>
>> District and appellate courts have limited subject matter jurisdiction and may only hear cases "when empowered to do so by the Constitution and by act of Congress."  To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.

Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (citations omitted).

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.  And statutes conferring diversity jurisdiction are to be strictly construed."  Penteco Corp. Ltd. Partnership - 1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotations and citations omitted).

For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

Diversity of citizenship is determined at the time the suit is commenced, <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426 860 (1991), and "cannot be ousted by subsequent events." <u>Johnston v. Cordell Nat. Bank</u>, 421 F.2d 1310, 1311 (10th Cir. 1970).

The plaintiff alleges in his Complaint that he is a citizen of Colorado. *Complaint* at ¶1. He alleges also that defendant Sender and Wasserman, P.C., is a Colorado professional corporation and, consequently, a citizen of Colorado. <u>Id</u>. In addition, it is undisputed that defendants Howard Buchalter and Kenneth Buechler are residents of Colorado. Motion to Dismiss, Exhs.1 and 2. Consequently, it is apparent that this court lacked subject matter jurisdiction at the outset of this case.

The plaintiff has suggested that diversity jurisdiction can be salvaged by the dismissal of Sender and Wasserman, P.C. The plaintiff is clearly wrong. As noted, two other defendants--Howard Buchalter and Kenneth Buechler--also are Colorado citizens, and their presence in the case similarly destroys diversity. As to these two defendants, the plaintiff does not appear to suggest their dismissal, stating instead that they "must be included to avoid future complications." *Plaintiff's Combined Response [etc.]* [Doc. # 27, filed 6/15/2006] at p.4.

At the time the plaintiff commenced this action, the plaintiff and at least three of the defendants were citizens of Colorado. Complete diversity of citizenship did not exist between the parties at the time the suit was commenced, nor does it exist now. Without complete diversity or citizenship, the court lacks subject matter jurisdiction.

I respectfully RECOMMEND that the Motion be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 29, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge